# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRADFORD BANKS, JR.,

    Petitioner,

v.                                      Case No. 6:20-cv-38-JA-LRH

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____

## ORDER

THIS CAUSE is before the Court on Petitioner Bradford Banks, Jr.'s, Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Petition ("Response to Petition," Doc. 8) in compliance with this Court's instructions. The Court allowed Petitioner an opportunity to file a Reply to the Response, but he did not do so.

Petitioner asserts one ground for relief. For the following reasons, the Petition will be denied and dismissed as untimely.

### I.    Procedural History

A jury convicted Petitioner of burglary of a dwelling with an assault or battery with a weapon (Count One), aggravated battery (Count Two),

aggravated battery causing great bodily harm with a weapon (Count Three), aggravated assault with a deadly weapon (Count Four), fleeing or attempting to elude a law enforcement officer (Count Five), resisting an officer without violence (Count Six), and carrying a concealed weapon (Count Seven). (Doc. 9-3 at 127-33.) The trial court dismissed Count Two and sentenced Petitioner to life in prison for Counts One and Three, to a fifteen-year term of imprisonment for Count Four, and to time served for Counts Five, Six, and Seven. (Doc. 9-2 at 186, 198-201.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") dismissed the appeal on July 9, 1998. (Doc. 9-1 at 16.)

In 2006, Petitioner filed a motion to correct an illegal sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Doc. 9-5 at 39-41.) The state court granted the motion and resentenced Petitioner to a 118.5-month term of imprisonment for Count One, life in prison for Count Three, and a ten-year term of imprisonment for Count Four. (Doc. Nos. 9-4 at 144; 9-6 at 199-202.) Petitioner appealed.[1] On November 13, 2007, the Fifth DCA affirmed *per curiam*. (Doc. 9-7 at 66.)

On March 27, 2009, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. 9-7 at

---

[1] While the appeal was pending, Petitioner filed a motion to correct sentence pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure, which was denied. (Doc. 9-6 at 105-20, 180-84.)

2

69-82.) Petitioner also filed another Rule 3.800(a) motion. (*Id.* at 84-89.) The state court denied the motions. (*Id.* at 99-102.) Petitioner appealed, and the Fifth DCA affirmed in part and remanded in part for consideration of some of Petitioner's claims. (Doc. 9-8 at 2-3.) The state court denied relief on remand. (*Id.* at 26-30.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 53.) Mandate issued on May 10, 2013. (*Id.* at 55.)

Petitioner filed the Petition on January 2, 2020, under the mailbox rule.[2]

## II. Analysis

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[2] The Court recognizes that Petitioner filed additional collateral motions in the state court after May 10, 2013. However, none of those proceedings impact the Court's calculation of Petitioner's deadline to file his federal habeas petition. Consequently, they are not included in the Procedural History.

3

        Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1)-(2).

In the instant case, on November 13, 2007, the Fifth DCA affirmed Petitioner's sentence after his resentencing. Petitioner then had ninety days, or through February 1, 2008, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13;[3] *see also Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 502 (11th Cir. 2015) (citing *Ferreira v. Sec'y, Dep't of Corr.*,

---

[3] Rule 13 provides in pertinent part:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13.3.

494 F.3d 1286, 1292-93 (11th Cir. 2007) for the proposition that "where a resentencing results in a new judgment, the new judgment restarts the statute of limitations."). Petitioner, therefore, had through February 2, 2009, absent any tolling, to timely file his § 2254 petition.

The Court is aware that after Petitioner was resentenced, he filed several state collateral actions. The first of those motions, however, was not initiated until March 27, 2009. Therefore, the tolling provision of § 2244(d)(2) does not apply to those proceedings because the one-year limitation concluded before Petitioner filed those actions. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the Petition filed on January 2, 2020, is untimely.

To overcome his untimely filing, Petitioner appears to rely on the actual innocence exception. (Doc. 1 at 10.) A showing of actual innocence may relieve habeas petitioners from the burdens imposed by § 2244(d). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy

5

> eyewitness accounts, or critical physical evidence - that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup*, 513 U.S. at 324. A petitioner asserting actual innocence to overcome the statute of limitations "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Petitioner does not explain why he is actually innocent. Instead, he merely cites to *McQuiggin*. *See* Doc. 1 at 9. Petitioner has not offered any new reliable evidence establishing his actual innocence. Consequently, Petitioner has not demonstrated that he is factually innocent to overcome his untimely filing of the Petition.

Any of Petitioner's allegations that attempt to excuse his failure to file the Petition within the one-year period of limitation that are not specifically addressed herein are without merit.

### III. Certificate Of Appealability

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must

6

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida, on February ___, 2021.

                                                JOHN ANTOON II
                                        United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party